UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
UNION MUTUAL FIRE INSURANCE COMPANY,    :
                                                                  :
                                  Plaintiff,                      :
                                                                  :
                  - against -                                     :          **MEMORANDUM
                                                                  :          AND ORDER**
                                                                  :
313 LINDEN STREET LLC, NY DIMENSION         :          22-CV-1264 (PK)
BUILDERS INC., and ALFREDO MUNOZ           :
TORRES,                                                        :
                                                                  :
                                  Defendants.                :
------------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge**

Union Mutual Fire Insurance Company ("Union Mutual" or "Plaintiff") brings this declaratory judgment action against 313 Linden Street LLC ("313 Linden"), NY Dimension Builders Inc. ("NY Dimension"), and Alfredo Munoz Torres ("Torres"), regarding insurance coverage for injuries related to an accident that occurred on July 17, 2020 (the "Accident") at 313 Linden Street in Brooklyn, NY and the personal injury action arising therefrom (the "Underlying Action"[1]). As against 313 Linden, Plaintiff seeks judicial declarations that, pursuant to the insurance policy Union Mutual issued to 313 Linden (the "Policy," Ex. 1 to Affidavit of James Lambert ("Lambert Aff.," Dkt. 36-12), Dkt. 36-13), it has no duty to defend 313 Linden in the Underlying Action and that there is no coverage under the Policy for either the Underlying Action or the injuries associated with the Accident.[2] (*See* Compl. ¶¶ 55–81, Dkt. 1.) Plaintiff and 313 Linden have consented to magistrate judge jurisdiction. (Dkt. 29.)

Plaintiff filed a Motion for Summary Judgment on all claims against 313 Linden. ("Motion," Dkt. 36.) For the reasons stated below, the Motion is GRANTED.

---

[1] *Alfredo Munoz Torres v. 313 Linden Street, LLC, et al*, 809481/2021E (N.Y. Sup. Ct., Bronx Cty.).

[2] Plaintiff also seeks a judicial declaration confirming that the Policy does not cover NY Dimension for the injuries related to the Accident or the Underlying Action. (*See* Compl. ¶¶ 82–83.)

## FACTUAL BACKGROUND

Unless otherwise stated, the following facts are taken from Plaintiff's 56.1 Statement of Undisputed Facts ("Pl. 56.1," Dkt. 36-2) and the Exhibits attached to the Motion.  *See Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011) (on a motion for summary judgment, a court may consider "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits.").

### I.    The Policy Terms

313 Linden, a New York corporation whose sole owner and managing member is Darren Singer, has owned the residential property located at 313 Linden Street in Brooklyn, NY (the "Premises") since approximately 2018.  ("Singer Statement," Ex. 4 to Lambert Aff., Dkt. 36-16.[3])

On or about June 12, 2019, Union Mutual issued to 313 Linden the Policy, which provides, *inter alia*, liability insurance coverage for bodily injury of up to $500,000 per incident.  (Lambert Aff. ¶ 10; *see* Policy at 11.[4])  The Policy covers the period of August 1, 2019 through August 1, 2020 and defines as an "insured" 313 Linden and its members and managers.  It also contains provisions setting forth what the insured must do in the event a claim or lawsuit is brought against it and Plaintiff's duty to defend the insured from such a claim or lawsuit.

#### A.   Independent or Sub-Contractors Conditions Endorsement

Pursuant to the Independent or Sub-Contractors Conditions Endorsement, the Policy does not cover "'bodily injury' or 'property damage' arising out of any and all work performed by independent contractors or subcontractors . . . ," unless three conditions precedent are met:

---

[3] Page numbers for the Singer Statement are the ECF pagination.

[4] Because the Policy is comprised of multiple documents with individual page numbers, the page numbers used when citing to the Policy are the ECF pagination.

(1) each such independent contractor or subcontractor carries insurance providing coverage for the "bodily injury" or "property damage" [that is otherwise excluded from coverage under this Endorsement] and; (2) such insurance provides coverage and limits at least equal to that provided by this policy . . . ; and (3) [313 Linden] ha[s] been named as an additional insured on such insurance coverage. . . .

(Policy at 80.) If these are met, then the Policy will serve as "excess" coverage. (*Id.*)

### B. Designated Ongoing Operations Exclusion

Pursuant to a provision entitled "Exclusion – Designated Ongoing Operations," the Policy coverage does not apply to any "bodily injury" arising out of "any construction, renovation, or repair work being performed at any insured location, except when performed by independent contractors and/or subcontractors who have met the conditions of the Independent or [Sub-Contractors Conditions Endorsement]. . . ." (*Id.* at 90.) This exclusion applies regardless of whether the construction, renovation, or repair work is performed by 313 Linden or on its behalf. (*Id.*)

### C. The Insured's Notice Obligations to Union Mutual

In the event a claim or suit is brought against 313 Linden, the Policy requires that it "immediately record the specifics of the claim or 'suit' and the date received; and notify [Union Mutual] as soon as practicable." (*Id.* at 74.) The Policy further requires that 313 Linden "immediately" send Union Mutual copies of any legal correspondence received in connection with the claim or suit. (*Id.*)

## II. Coverage Dispute

In late 2018 or early 2019, 313 Linden commenced a total renovation of the Premises and hired NY Dimension as the general contractor, which subcontracted All Star 1 LLC ("All Star") to perform demolition work. (Amended Verified Complaint ("Am. Compl.") ¶ 11, Ex. B to Declaration of Attorney ("Fleming Decl.," Dkt. 36-3), Dkt. 36-5.) All Star employed Mr. Torres as a construction laborer (*id.* ¶ 12), and, on July 17, 2020, he was injured while working on the Premises (*id.* ¶ 15; Pl. 56.1 ¶ 8).

### A.  The Underlying Action

On July 13, 2021, Mr. Torres commenced a personal injury action in New York Supreme Court, Bronx County, against 313 Linden, bringing claims for negligence and violations of New York Labor Laws § 200 (general duty to protect employees) and § 241 (Scaffold Law).  (Verified Complaint, Ex. A to Fleming Decl., Dkt. 36-4; Pl. 56.1 ¶¶ 1–2.)  On December 5, 2021, the complaint was amended to add claims against NY Dimension.  (Am. Compl. ¶¶ 39–51; *see* Pl. 56.1 ¶¶ 1–2.)

### B.  Notice to Plaintiff

On or about December 3, 2021, Plaintiff first received notice of the Underlying Action, when 313 Linden's insurance broker forwarded correspondence from Mr. Torres's attorney, David Horowitz, attaching the complaint that was filed July 13, 2021.  (Lambert Aff. ¶ 16; "Notice," Ex. 2 to Lambert Aff., Dkt. 36-14; Pl. 56.1 ¶¶ 16–17.)  The Notice included both an affidavit that 313 Linden was served on July 20, 2021 with the complaint in the Underlying Action, and a letter from Mr. Horowitz, dated August 30, 2021, which stated that 313 Linden was in default in the Underlying Action.  (*See* Notice; Lambert Aff. ¶ 17; Pl. 56.1 ¶¶ 16–17.)

Union Mutual commenced an investigation, which included obtaining a statement from Darren Singer, stating that he only received the summons in the Underlying Action in November 2021 because the summons was mailed to his former address, where he had not been living for several months.  (Singer Statement at 3.)  When he received the summons, he learned of the Accident and the Underlying Action for the first time and "immediately" forwarded a copy of it to his insurance broker. (*Id.*)  Mr. Singer states further that NY Dimension "provided [him] with a certificate of insurance." (*Id.* at 2.)

### C.  Disclaimer of Coverage

Plaintiff has received no records showing that either NY Dimension or All Star had a liability insurance policy in place that named 313 Linden as an additional insured and met the other conditions

in the Independent or Sub-Contractors Conditions Endorsement. (Lambert Aff. ¶¶ 28–29; Pl. 56.1 ¶¶ 28–30.) The only certificate of insurance Plaintiff has received covered a different subcontractor, Star Rubbish Removal LLC, "who is not alleged to have been involved in [the Accident] or the Underlying Action." (Pl. 56.1 ¶ 33.)

On January 20, 2022, Plaintiff sent 313 Linden a letter disclaiming coverage ("Disclaimer of Coverage Letter," Ex. 5 to Lambert Aff., Dkt. 26-17), which details why Union Mutual believes the Policy does not cover 313 Linden with respect to the Accident. (*See* Pl. 56.1 ¶¶ 26–31.) After receiving the Amended Complaint, Plaintiff sent 313 Linden a supplemental letter repeating its disclaimer of coverage. (Supplemental Disclaimer of Coverage ("Supp. Ltr."), Ex. 6 to Lambert Aff., Dkt. 36-18; Pl. 56.1 ¶ 32.)

Despite disclaiming coverage, Union Mutual has provided 313 Linden with a courtesy defense in the Underlying Action "contingent on the elucidation of coverage issues and pending the outcome of this [action]." (Lambert Aff. ¶ 34; *see* Pl. 56.1 ¶ 34.)

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on March 8, 2022, bringing claims against 313 Linden, NY Dimension, and Mr. Torres. (Compl.) 313 Linden answered (Dkt. 17), and Plaintiff and 313 Linden conducted discovery. (*See* Pl. Ltr., Dkts. 25, 26). They certified the close of discovery on June 1, 2023.[5] (Pl. Ltr., Dkt. 26.)

Plaintiff requested a pre-motion conference to seek leave to file a motion for summary judgment. (Dkt. 28.) After 313 Linden responded (Dkt. 30), the Court deemed a conference unnecessary and directed the parties to propose a joint briefing schedule (July 20, 2023 Order), which the Court so-ordered (Dkt. 35).

---

[5] NY Dimension and Mr. Torres did not file answers or appear at any conference before the Court. (*See, e.g.*, Aug. 19, 2022 Min. Entry; May 19, 2023 Min. Entry.) Plaintiff requested certificates of default against NY Dimension and Mr. Torres (Dkt. 31) and, on July 25, 2023, moved for default judgment against them (Dkt. 34).

On September 1, 2023, Plaintiff filed the Motion, and 313 Linden did not oppose or otherwise respond to the Motion.  (*See* July 25, 2023 Order (adopting Plaintiff's proposed briefing schedule setting October 2, 2023 as 313 Linden's deadline to oppose).)  To date, 313 Linden had not filed any opposition.

## LEGAL STANDARDS

### I.    Summary Judgment Standard

Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Rule 56(a) states:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

"In ruling on a summary judgment motion, the district court must 'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment' and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (quoting *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (citation omitted)).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in original).  A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

In reviewing a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility

assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d. Cir. 1996)); *accord Tolan v. Cotton*, 572 U.S. 650, 651 (2014) ("[I]n ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" (alteration in original) (quoting *Anderson*, 477 U.S. at 255)).

"It is the movant's burden to show that no genuine factual dispute exists. . . ." *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003). Once the movant satisfies its burden, the party opposing summary judgment "must point to specific evidence in the record" demonstrating a genuine issue for trial and "cannot rest on allegations in the pleadings." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *accord Coll. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) ("There must be more than a 'scintilla of evidence' to defeat a summary judgment motion." (quoting *Anderson*, 477 U.S. at 252)).

"Where the non-moving party bears the burden of proof at trial, the moving party may discharge its summary judgment burden in 'two ways: (1) by submitting evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim.'" *Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 728 F. Supp. 3d 274, 283 (S.D.N.Y. 2024) (quoting *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017); *accord Bustamante v. KIND, LLC*, 100 F.4th 419, 432 (2d Cir. 2024) ("'The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists,' but 'when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to' an absence of evidence 'on an essential element of the nonmovant's claim.'" (quoting *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023)))).

In moving for summary judgment or opposing such a motion, parties are required by the Local Rules to provide a statement that sets forth purported undisputed facts, or if denying any fact,

responding to each assertion.  *See* Loc. Civ. R. 56.1(a)–(b).  In such statements, parties must support their positions by citing to admissible evidence from the record.  *Id.* R. 56.1(d).

Where a party opposing a summary judgment motion fails to specifically controvert or otherwise respond to each statement of fact in the movant's 56.1 statement, *see id.* R 56.1(c) (specifying that "a party *must* include a correspondingly numbered paragraph admitting or denying . . . each numbered paragraph in the statement of the moving party" (emphasis added)), a court may deem admitted those facts to which the opposing party failed to respond, *id.* R. 56.1(c) (specifying that each numbered paragraph to which the opposing party failed to respond "will be deemed to be admitted for purposes of the motion").

As part of the Motion, Plaintiff filed its Rule 56.1 statement in compliance with the Local Rules.  ("Pl. 56.1," Dkt. 36-2.)  313 Linden has not filed a 56.1 statement responding to Plaintiff's statement of undisputed facts.

## II.    Declaratory Judgment Standard

The Declaratory Judgment Act empowers federal courts to issue declaratory judgments.  *See* 28 U.S.C. § 2201(a) ("[A]ny [federal] court . . . may declare the rights and other legal regulations of any interested party" that seeks a declaratory judgment.). A court may exercise its discretion to issue a declaratory judgment by considering "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty."  *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (citation omitted); *see also Daytree at Cortland Square, Inc. v. Walsh*, 332 F. Supp. 3d 610, 626 (E.D.N.Y. 2018).

Moreover, "[t]he party seeking a declaratory judgment bears the burden of demonstrating that the district court has jurisdiction" by showing that there is an "actual controversy."  *Daytree at Cortland Square, Inc. v. Walsh*, 332 F. Supp. 3d 610, 626 (E.D.N.Y. 2018) (quoting 28 U.S.C. § 2201(a)).  "The

standard for ripeness in a declaratory judgment action is that 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Duane Reade, Inc.*, 411 F.3d at 384 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)).

Legal disputes over insurance coverage, as here, have "become the paradigm for asserting jurisdiction. . . ." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 93 (2d Cir. 2023).

## DISCUSSION

### I.    Whether the Policy Provides Coverage

Plaintiff seeks summary judgment on its claim for a declaration that there is no coverage under the Policy in connection with the Accident and, as a result, it has no duty to continue defending 313 Linden in the Underlying Action.  (*See* Pl. Mem. of Law ("Memorandum") at 11–12, Dkt. 36-1.)  It contends that because 313 Linden has failed to satisfy the conditions precedent of the Independent or Sub-Contractors Endorsement, the injury is excluded from coverage under both the Designated Ongoing Operations Exclusion and the Independent or Sub-Contractors Conditions Endorsement.[6] (*See id.* at 11–17.)

#### A.  Legal Standard

"It is well-established under New York law that in insurance disputes the burden is on the insured to prove all facts necessary to demonstrate that a claim falls within the terms and conditions of coverage." *Falco v. Unum Provident Corp.*, No. 04-CV-4540 (ENV)(WDW), 2007 WL 1014568, at *4 (E.D.N.Y. Mar. 30, 2007) (colleting cases).  "Interpreting the language of an insurance policy is a question of law for the court." *Paul Revere Life Ins. Co. v. Bavaro*, 957 F. Supp. 444, 447 (S.D.N.Y. 1997).

---

[6] While Plaintiff contends that its "disclaimer [of coverage] is also based, in part, on 313 Linden Street's failure to notify Union Mutual" of both the Accident and the Underlying Action (Mem. at 9), it does not advance this argument in the Argument section of the Memorandum or otherwise contend that 313 Linden's failure to comply with the Policy's notice requirements is sufficient for Plaintiff to disclaim coverage or stop defending 313 Linden in the Underlying Action.

"If a provision is 'plain and unambiguous, the court's role is simply to enforce the common and ordinary meaning of it.'" *Falco*, 2007 WL 1014568, at *4 (citing *Bavaro*, 957 F. Supp. at 447)).

"To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." *Am. Eur. Ins. Co. v. Tirado Iron Works & Fence, Inc.*, No. 19-CV-6851 (EK)(RLM), 2021 WL 7830143, at *5 (E.D.N.Y. Oct. 20, 2021) (quoting *Continental Cas. Co. v. Rapid-American Corp.*, 593 N.Y.S.2d 966, 972 (1993)).

"'[T]he insurer's duty to defend is not an interminable one, and will end if and when it is shown unequivocally that the damages alleged would not be covered by the policy.'" *Travelers Indem. Co. v. Harleysville Ins. Co.*, 694 F. Supp. 3d 235, 245 (E.D.N.Y. 2023) (quoting *Golden Ins. Co. v. Ingrid House LLC*, No. 21-CV-1337, 2022 WL 2165252, at *3 (2d Cir. June 14, 2022)).

### B. Application of Facts to Law

The language of the Policy is clear and unambiguous, and, by not opposing the Motion, 313 Linden has failed to establish otherwise. The Policy excludes from coverage any bodily injury resulting from any construction work, including work performed by an independent contractor or subcontractor, absent compliance with the conditions of the Independent or Sub-Contractors Conditions Endorsement. (Policy at 80, 90.)

There is no dispute that the Accident constitutes a bodily injury arising from the construction work of subcontractors on the Premises. Further, there is no dispute that 313 Linden has not provided documents to demonstrate that the contractors had insurance policies sufficient to satisfy the conditions of the Independent or Sub-Contractors Conditions Endorsement.

Accordingly, the Court finds that the injury forming the basis of the Underlying Action constitutes a bodily injury that is not covered by the Policy.

There is no dispute that Union Mutual is defending 313 Linden in the Underlying Action. (Lambert Aff. ¶ 24.; *see also* Pl. Mot for Hearing, Dkt. 38.)  Consequently, this action is justiciable under the Declaratory Judgment Act.  *See, e.g.*, *Mt. Hawley Ins. Co. v. Beach Cruiser, LLC*, No. 22-CV-10354 (GHW), 2025 WL 723365, at *6 (S.D.N.Y. Mar. 6, 2025) (finding justiciable dispute where plaintiff was "incurring defense costs" in underlying action).  Further, declaratory judgment in this action will serve to clarify with certainty whether Plaintiff must continue to defend 313 Linden in the Underlying Action.  *See Tirado Iron Works*, 2021 WL 7830143 at *8 (granting declaratory judgment that plaintiff insurer had no duty to defend defendant insured because the subject injury was excluded from coverage).

The Court, therefore, grants Plaintiff's motion for summary judgment on its claims for a judicial declaration that there is no coverage under the Policy in connection with the Accident and that it has no duty to defend 313 Linden in the Underlying Action.

## CONCLUSION

For the reasons set forth above, the Motion is granted.  Judgment is entered declaring that there is no coverage under the Policy in connection with the Accident and that Plaintiff has no obligation to defend or indemnify 313 Linden or any party in the Underlying Action.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
          March 27, 2025

11